IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.   CRIMINAL CASE NO. 3:22-CR-51-SA

DEONTE DILWORTH   DEFENDANT

ORDER

Deonte Dilworth, through counsel, seeks a sentence modification pursuant to 18 U.S.C. § 3582(c)(2). The Government opposes the requested relief. The Court is prepared to rule.

*Relevant Background*

Dilworth was indicted for possession of 26 counterfeit or unauthorized access devices—namely, eleven Nevada unemployment insurance bank debit cards and fifteen Arizona unemployment insurance benefit cards in various names, none of which were his. [1] at p. 1. He pled guilty on September 13, 2022. *See* [23].

Dilworth's sentencing hearing was held on January 10, 2023. The Presentence Investigation Report [33] calculated Dilworth's guideline imprisonment range as 46 months to 57 months. The Court imposed a sentence of 51 months custody to be followed by three years of supervised release. Additionally, the Court imposed restitution in the amount of $202,711.39. Dilworth is currently housed at Yazoo City FCI with an anticipated release date of September 17, 2026.

In his Motion for Sentence Reduction [42], Dilworth explains that as a result of the retroactive application of Sentencing Guidelines Amendment 821, his guideline imprisonment range is reduced to 37 months to 46 months. He asks the Court to reduce his sentence to 41 months.

*Analysis and Discussion*

After imposition of a term of imprisonment, courts are limited in their ability to modify the imposed term. *See*, *e.g.*, *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021). But 18 U.S.C. § 3582(c) provides authorization for courts to do so under certain circumstances, reading in pertinent part as follows:

> **(c) Modification of an imposed term of imprisonment.** -- The court may not modify a term of imprisonment once it has been imposed except that --
>
> . . .
>
> **(2)** in the case of defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 944(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Consistent with this statutory language, the Supreme Court has articulated a two-step analysis for courts to follow in determining whether a sentence reduction is appropriate, explaining that courts should (1) determine the defendant's eligibility for sentence modification and what amended guideline range would have been applicable; and (2) consider any applicable 18 U.S.C. § 3553(a) factors and determine whether the reduction is warranted under the particular circumstances of the case. *Dillon v. United States*, 560 U.S. 817, 827, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010).

Regarding the first step, Dilworth is eligible for a reduction pursuant to Amendment 821. When Dilworth committed the instant offense, he was "under supervision of Pontotoc County

Circuit Court Docket No. CR13-018." [33] at p. 12. Therefore, two "status points" were added to his criminal history score. However, with Amendment 821's removal or reduction of "status points," Dilworth's criminal history category is lowered from IV to III, thereby lowering his guideline imprisonment range from 46 months to 57 months to 37 months to 46 months. Dilworth's eligibility for a sentence reduction is not in dispute.

The second step in the analysis requires consideration of the applicable § 3553(a) factors to determine whether the reduction is warranted under the specific facts of the case. *See Dillon*, 560 U.S. at 827. This is where the parties' disagreement arises. For his part, Dilworth emphasizes that he is currently employed as a compound special orderly and has been in this position since July 2023 and that he has enrolled in and completed numerous courses while incarcerated. He also notes that he suffers from myopia and a high body mass index.

In response, the Government contends there are Section 3553(a) factors that weigh against a reduction, "including Dilworth's criminal history in which he had two revocations of state supervised probation for failure to report to court supervisors as required, and pay court assessments and fees, as well as a conviction for violating the rules of the Pontotoc County Jail by possessing a cellphone[.]" [43] at p. 1. An explanation of the calculation of Dilworth's criminal history category is warranted. As the Government states it:

> Dilworth amassed 5 criminal history points. Important to this response, because of post-incarceration supervision terms, Dilworth was awarded 2 Status Points to add to his criminal history points under US Sentencing Guideline § 4A1.1(d) because he was under state probation supervision for a 2012 burglary conviction. With 7 points, Dilworth's criminal history category was IV.
>
> The PSR describes Dilworth as having 3 state felony convictions for burglary, child neglect, and possession of a cellphone in a county jail. In each state convictions, he was granted probation. For the 3 criminal convictions, he was only awarded 5 criminal history points. He committed the offense in this case on September 2, 2020. He was

3

> under state supervision for the first and second state convictions when he committed the crime. As a result, Dilworth[] was awarded 2 criminal history status points under USSG § 4A1.1(d)[.]

[43] at p. 2 (citations omitted).

Taking all of this into account, while recognizing that the retroactive application of Amendment 821 results in a decrease of Dilworth's criminal history category, the Government takes the position that the new category underrepresents the seriousness of Dilworth's criminal history.

The Court has reviewed the Presentence Investigation Report [33] and finds Dilworth's criminal history rather concerning. As the Government emphasized, he has committed multiple offenses and received probationary sentences. Dilworth's criminal history and his conduct in this case justify the imposed sentence. More particularly, the Court finds the imposed sentence necessary to promote respect for the law, provide just punishment, and afford adequate deterrence to criminal conduct. *See* 18 U.S.C. § 3553(a). Further, the Court finds that a sentence reduction would undermine the need for an imposed sentence to reflect the seriousness of the offense. *See id*.

Additionally, despite the Sentencing Commission's change in the calculation of status points, the fact remains that Dilworth possessed numerous unemployment debit cards of persons receiving unemployment benefits *while under court supervision*. The need to promote respect for the law and provide just punishment is, in this Court's view, quite high.

Ultimately, having considered the Section 3553(a) factors, the Court finds that a modification of Dilworth's sentence is not appropriate. *See United States v. Fleming*, 2023 WL 8606803, at *1-2 (W.D. La. Dec. 12, 2023) (noting the defendant's eligibility for Amendment 821 reduction but denying relief based upon Section 3553(a) factors).

*Conclusion*

For the reasons set forth above, the pending Motions [40, 42, 44] are DENIED. Dilworth's sentence will not be modified.[1]

SO ORDERED, this the 4th day of September, 2024.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

---

[1] On August 12, 2024, Dilworth filed a *pro se* Motion [45] raising an additional argument based upon the Supreme Court's recent decision in *Erlinger v. United States*, --- U.S. ---, 144 S. Ct. 1840 (2024). *Erlinger* involved the application of the Fifth and Sixth Amendments in the context of ACCA and has no bearing on this case. The Motion [45] is DENIED.